United States District Court
District of Massachusetts

| | |
|---|---|
| COMPLETE CREDIT SOLUTIONS, INC. ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> CHARLES B. CIANCIOLO ) <br>     Defendant. ) <br> ) | Civil Case No. <br> 12-11689-NMG |

MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of the default and subsequent deficiency owed on a Retail Installment Sales Agreement ("Agreement") by Defendant Charles B. Cianciolo ("Cianciolo"). Plaintiff Complete Credit Solutions, Inc. ("CCS") is the assignee of the lender.

## I. Background

In 2000, Cianciolo bought a yacht from Bosun's Maine, Inc. The purchase was financed in the amount of $111,900 by the Agreement with M&T Credit Corporation ("M&T"). The Agreement included the grant of a purchase-money security interest in the yacht. M&T assigned the Agreement to CCS on an undisclosed date. On or before January 13, 2006, Cianciolo defaulted on the monthly payments due under the Agreement. On that date, CCS repossessed the yacht. On March 26, 2007, the yacht was sold at a private

sale for $50,000 resulting in a deficiency. On August 9, 2012, CCS filed the present action for a deficiency judgment in Barnstable County Superior Court seeking an amount in excess of $100,000 in principal, interest and costs. Cianciolo was served on August 26, 2012 and timely removed the action to this Court on September 12, 2012.

Cianciolo has filed a Motion to Dismiss on the grounds that the complaint is time-barred by the applicable statute of limitations. After a hearing on November 7, 2012, and, upon consideration of all relevant pleadings, the Court resolves the issue as follows:

## II. Analysis

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept as true all factual allegations underlying the claim and draw all reasonable inferences in favor of the non-moving party. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). In considering the merits of a motion to dismiss, the Court may not look beyond the facts alleged in the pleadings,

documents attached as exhibits or incorporated by reference in the Complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).

**B.   Application**

Plaintiff relies on U.S. Trust Co. v. Melchiono, 1997 Mass. App. Div. 60 (1997) to argue that the four-year statute of limitations under UCC Article 2 of the Uniform Commercial Code as codified in M.G.L. c. 106 does not apply in this case because the deficiency resulted from a security agreement. Plaintiff contends that the Court should apply the six-year statute of limitations under Article 9. This Court declines to do so and instead agrees that the logic and reasoning of the court in D.A.N. Joint Venture, III v. Clark, 218 S.W.3d 455 (Mo.App.W.D. 2006).[1]

In the seminal case examining the nature of a suit for a deficiency on a retail installment sales contract, the Supreme Court of New Jersey held that

> [s]uch a suit is nothing but a simple in personam action for that part of the sales price which remains unpaid after the seller has exhausted his rights under Article 9 by selling the collateral; it is an action to enforce the obligation of the buyer to pay the full sale price to the seller, an obligation which is an essential element of all sales and which exists whether or not the sale is accompanied by a

---

[1] At oral argument both parties agreed that the six-year statute of limitations for beach of contract does not apply to this case.

security arrangement.

Assoc. Discount Corp. v. Palmer, 47 N.J. 183, 187 (1966). As a result, the Court found that a deficiency action must be "considered more closely related to the sales aspect . . . than to its security aspect." Id. This court agrees and holds that although M.G.L. c. 106 § 2-102 expressly states that Article 2 does not apply to any transaction "intended to operate only as a security transaction", a retail installment sales agreement is a "hybrid sales-security agreement" that is not intended to operate "only" as a security agreement. DaimlerChrysler Servs. N. Am., LLC v. Quimette, 175 Vt. 316, 320 (2003)(collecting cases applying the Article 2 statute of limitations to retail installment sales contracts). As a result, the Agreement is governed by Article 2 of the Uniform Commercial Code and the present action is time barred by the applicable four-year statute of limitations.

### ORDER

In accordance with the foregoing, the defendant's motion (Docket No. 4) is **ALLOWED**. Accordingly, the case is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated November 9, 2012